[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 1, 1994 Date of Application July 1, 1994 Date Application Filed July 1, 1994 Date of Decision January 24, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR7-143112.
John J. Kelly, Esq., Defense Counsel, for Petitioner.
Robert J. O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of guilty, petitioner was convicted of robbery in the first degree, in violation of General Statutes § 53a-134(a)(2) and burglary in the first degree, in violation of General Statutes § 53a-101(a)(1). Concurrent sentences of fifteen years execution suspended after ten years with five years probation were imposed on both counts for a total effective sentence of fifteen years, execution suspended after ten years and five years probation.
The facts underlying petitioner's conviction may be summarized as follows.
At the time of the offense petitioner was a drug abuser who was indebted to his suppliers. In return for a reduction in his debt to the suppliers, petitioner agreed to participate CT Page 1410 in the crime. With the assistance of his girlfriend, petitioner and a man named Rodriguez forcibly entered the home of an elderly couple. Rodriguez was armed with a firearm. He approached the male victim, restrained him and demanded his watch and wallet. The two men grabbed the female victim and forced her from room to room demanding her money and jewelry. One of the parties, probably petitioner, forcibly removed a diamond ring from the woman's finger. The victims were forced into the master bathroom where the attackers tied their ankles and wrists before fleeing.
The victims who had been married for forty-seven years resided in a home set deep into the woods at the end of a long driveway. The female victim was seventy-three years of age and her husband was terminally ill from cancer. Four days after the robbery, the male victim suffered a series of strokes and died three weeks later. The female victim strongly believed that the robbery accelerated her husband's death. The female victim has been living in fear since the date of the crime and stated that the offense has ruined her life.
Petitioner's attorney requested a reduction in sentence. He pointed out that petitioner's prior criminal record contained no felonies. The attorney also stressed that petitioner had been a successful business man prior to the crime and that during the two and a half years between committing the crime and sentencing, petitioner engaged in no criminal activity and successfully overcame his drug habit. The attorney attributed this crime to a combination of drug addiction and bad company. Petitioner's attorney stated that he did not wish to minimize the crime but that a fair, just and appropriate sentence would be for the minimum mandatory term of five years.
Speaking on his own behalf, petitioner urged a reduction in sentence. He stated that he does feel remorse for the victims. He also stated that he is desirous of a second chance to prove himself.
The state's attorney argued against any reduction in sentence. He pointed out that petitioner entered a plea of guilty under a plea agreement with a court indicated sentence of between fifteen and twelve years to serve with a right to argue for less. The actual sentence imposed was less than the CT Page 1411 court indicated sentence. The seriousness of the offense was also stressed by the state's attorney. He indicated that this was an invasion of the victims' home by armed masked intruders. The attorney stressed the effect of the crime on the victims and pointed out that Rodriguez, who participated in the crime with petitioner, received a sentence of forty years. The attorney urged that the sentence should be increased rather than reduced.
As the sentencing judge pointed out, this was a horrible crime perpetrated on helpless people. The judge also commented that when people decide to embark on this type of a crime victimizing two elderly people, one of whom is disabled, it is not critical as to who did what. Petitioner knowingly participated in this crime in furtherance of his drug habit.
Under the provisions of General Statutes § 51-196, this Division has authority to increase the sentence imposed upon a petitioner appearing before it. The crimes for which petitioner has been convicted were of a most serious nature. The execution of the crime was vicious and cruel. It was perpetrated on two helpless people with disastrous consequences for the victims. The sentence imposed was well below the maximum sentence prescribed by statute for these crimes and less than the court indicated sentence. In deciding whether or not the sentence imposed was inappropriate or disproportionate under the provisions of Connecticut Practice Book § 942, the Division carefully considered the many aggravating factors which are a part of the record of this case.
The Division is aware, however, that the sentencing judge has an excellent opportunity to observe petitioner and to weigh and consider the other information developed at the sentencing hearing. For this reason the opinion of an experienced sentencing judge concerning the appropriateness of the sentence imposed deserves great weight. After consideration this and all the factors involved, the sentence imposed is not found to be inappropriate.
Sentence affirmed.
Purtill, J.
Klaczak, J. CT Page 1412
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.